IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS K. MCCLURE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-297-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Dennis K. McClure requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the Commissioner's decision is AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

**Claimant's Background**

The claimant was born on September 20, 1958, and was fifty-two years old at the time of the administrative hearing (Tr. 49). He has a ninth grade education as well as vocational training in heat and air, maintenance, and auto mechanics (Tr. 49-50, 180). He has worked as a construction worker, carpenter, cabinet maker and janitor (Tr. 63-64, 180). The claimant alleges he has been unable to work since March 30, 2010, due to amputated left leg, severe pain, bruised ribs, and spinal soreness (Tr. 179).

**Procedural History**

On April 7, 2010, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Deborah L. Rose conducted an administrative hearing and determined that the claimant was not disabled in a written decision dated November 23, 2011 (Tr. 16-30). The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential evaluation. She found that the claimant had the residual functional capacity ("RFC") to perform light work with the following limitations: he was able to lift/carry, push/pull ten pounds frequently and twenty pounds occasionally, but was unable to operate left foot controls; he could stand and/or walk for four hours of an eight-hour workday, and sit for six to eight hours of an

eight-hour workday; only occasionally climb and stoop; but never climb ladders, ropes, and scaffolds, balance, kneel, crouch or crawl (Tr. 19). The ALJ concluded that while the claimant was unable to perform his past relevant work, he was nevertheless not disabled because there was other work in the national economy that he could perform, *i. e*, booth cashier, cashier II parking lot attendant, sewing machine operator, and conveyor line bakery worker (Tr. 28).

## Review

The claimant's sole contention of error is that the ALJ erroneously relied on testimony from a vocational expert ("VE"), which was inconsistent with the Dictionary of Occupational Titles ("DOT"). The Court finds this contention unpersuasive, and the Commissioner's decision should therefore be affirmed.

At the administrative hearing, the ALJ asked the VE to identify the claimant's past relevant work and she classified that work as: construction worker I, DICOT § 869.664-014; carpenter, DICOT § 860.381-022; cabinet maker, DICOT § 660.280-010; and janitor, DICOT § 382.664-010 (Tr. 63-64). The ALJ then proposed a hypothetical regarding an individual with the age, education and work history of the claimant who could perform light work in that he could lift or carry, push or pull, up to ten pounds frequently, twenty pounds occasionally, but could not operate left foot controls; could stand and/or walk four hours a day, and could sit six to eight hours a day; could only occasionally climb; could never balance or climb ladders, ropes, or scaffolds; could occasionally stoop; and could never kneel, crouch or crawl (Tr. 64). The ALJ first asked if such a person could perform any of the claimant's past work and the VE testified no

(Tr. 64). The ALJ then asked if there would be other work such an individual could perform. The VE responded that such a person could perform other jobs, such as a booth cashier, an example of which was toll collector, parking lot attendant, or booth cashier at certain gas stations, DICOT § 211.462-038; sewing machine operator, DICOT § 786.685-030; and conveyor bakery line worker, DICOT § 524.687-022 (Tr. 65). In response to additional questioning from the claimant's attorney, the VE stated the parking lot attendant job and the gas station attendant job were actually defined as cashier II, DICOT § 211.462-010 (Tr. 67-69). She further testified that the job of sewing machine operator was primarily sitting for six to eight hours a day, and that it was light because "[j]obs are assessed at light if they require lifting things of a certain weight continuously or the use of foot controls, or lifting up to 20 pounds" (Tr. 70-71). The ALJ directly relied on this testimony, and found at step five that the claimant was not disabled because there was work he could perform.

The claimant contends his RFC limits him to sedentary work because the ALJ found that the claimant could stand and/or walk four hours in an eight hour work day, which is less than the six hours of standing and/or walking required for all light work jobs. The Court finds this contention without merit. The claimant solely relies on Soc. Sec. Rul. 83-10 in support of the claim that all light jobs require six hours of standing and/or walking in an eight hour day. A full reading of Soc. Sec. Rul. 83-10 shows that "*the full range* of light work requires standing or walking, off and on, for a total of approximately six hours of an eight hour work day." Soc. Sec. Rul. 83-10, 1983 WL 31251, *6. However, the ALJ did not find that the claimant could perform the full range

of light work, but found he could perform a limited range of light work involving standing and/or walking for up to four hours in an eight-hour workday. Additionally, Soc. Sec. Rul. 83-10 itself contemplates light work that involves sitting most of the time. "A job is also in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work." *Id*.

In furtherance of his contention, the claimant argues that because all of the jobs identified by the VE are classified as light work but his RFC limits him to standing and/or walking for up to four hours, a conflict exists between the VE's testimony as to work he can perform and the DOT, but this is not borne out by the evidence. Once the claimant shows he cannot return to his past relevant work, the "burden of going forward shifts to the Secretary, who must show that the claimant retains the capacity to perform an alternative work activity and that this specific type of job exists in the national economy." *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984). An ALJ's hypothetical questioning of a VE will provide an appropriate basis for a denial of benefits where the questions "included all the limitations the ALJ ultimately included in his RFC assessment." *Qualls v. Apfel,* 206 F.3d 1368, 1373 (10th Cir. 2000), *citing Gay v. Sullivan,* 986 F.2d 1336, 1341 (10th Cir. 1993). Here, the ALJ found at step four that the claimant was unable to operate left foot controls; could stand and/or walk for four hours of an eight hour day; could stand for six to eight hours of an eight-hour workday; could occasionally climb and stoop; and could never climb ladders, ropes, and scaffolds, balance, kneel, crouch, or crawl (Tr. 19). She then included those limitations in her

hypothetical questions to the VE (Tr. 64-65). The VE responded that the claimant could perform the jobs of booth cashier/toll collector, sewing machine operator, parking lot attendant/cashier II, and conveyor line bakery worker (Tr. 64-65). Nothing in the DOT's job descriptions for booth cashier/toll collector, sewing machine operator, parking lot attendant/cashier II, or conveyor line bakery worker indicate that six hours of standing and/or walking is required to perform the jobs. Furthermore, the VE testified that the cashier jobs she identified allowed for sitting *or* standing within the parameters of the claimant RFC, which he has not challenged (Tr. 69). The VE also testified that the sewing machine operator job involved sitting up to between six and eight hours in a day, that it was still considered light work due to the foot controls, and that she had seen sewing machine operators that use one foot control (Tr. 70-72). Additionally, when the ALJ asked the VE if her testimony was consistent with the DOT, she replied affirmatively (Tr. 64-65, 79). Although "the ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability," *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999), here the ALJ did so, and the VE made the appropriate explanation for the discrepancy.

In sum, the ALJ analyzed the claimant's RFC, posed proper hypothetical questions incorporating the RFC to the VE, determined that the VE's testimony was consistent with the DOT, and thus properly relied on that testimony to determine that the claimant could perform work and was accordingly not disabled. *See Qualls,* 206 F.3d at 1373 (noting that an ALJ's hypothetical questioning of a VE will provide an appropriate basis for a

denial of benefits where the questions "included all the limitations the ALJ ultimately included in his RFC assessment."), *citing Gay,* 986 F.2d at 1341. Consequently the decision of the Commissioner must be affirmed.

## Conclusion

In summary, the Court finds that correct legal standards were applied, and that the decision of the Commissioner is supported by substantial evidence. The Commissioner's decision is therefore hereby AFFIRMED.

**DATED** this 31st day of March, 2015.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**